USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED: _10/20/2017_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
Meyers et al           :
        :
           Plaintiffs,     :     14-cv-9142 (ALC)
        :
          -against-     :     **OPINION AND ORDER**
        :
City of New York et al,     :
        :
          Defendants.     :
-----------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs bring this action against Defendants, alleging violation of their constitutional rights, unlawful arrest, imprisonment, and malicious prosecution in retaliation for engaging in political speech. On October 27, 2015, the Court issued an Opinion and Order, familiarity with which is assumed, granting in part and denying in part Defendants' motion to dismiss. Subsequently, Plaintiffs filed an amended complaint, and Defendants filed an interlocutory appeal based on qualified immunity. In a February 2, 2017 summary order, the Second Circuit vacated the Court's Opinion and Order and remanded the matter back to the Court so it can undertake a complete analysis of qualified immunity in light of the Second Circuit's holding in *Garcia v. Does*, 779 F.3d 84 (2d Cir. 2014) and the Amended Complaint. *Meyers v. City of New York*, 675 Fed. App'x 93 (2d Cir. 2017). Specifically, the Second Circuit requested that the Court conduct an adequate analysis of arguable probable cause in light of *Garcia*. After reviewing subsequent letter briefs and the Amended Complaint,[1] the Court finds that qualified immunity shields Defendants from Plaintiffs' claims. For the reasons that follow, Defendants' motion to dismiss is granted in its entirety.

---

[1] The additional allegations in the Amended Complaint need not be summarized as it does not change the Court's analysis. As familiarity with the Court's vacated opinion, and thus the factual allegations supporting the claims in the Amended Complaint, is assumed, a reiteration of the facts is unnecessary.

1

## GOVERNING LAW

Public officials are entitled to qualified immunity and thus shielded from liability for civil damages if either (1) their actions did not violate clearly established law, or (2) it was objectively reasonable for them to believe that their actions did not violate such law. *Garcia v. Does,* 779 F.3d 84, 92 (2d Cir. 2015). In a suit for false arrest, an officer is entitled to qualified immunity "if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* The Second Circuit has referred to the latter category as "arguable probable cause." *Cerrone v. Brown*, 246 F.3d 194, 202-03 (2d Cir. 2001). The Court's prior opinion focused on the first basis, while neglecting the second basis. Although "[t]here is a seeming circularity to inquiring first whether the circumstances as perceived by a reasonably prudent [public official] would justify the belief that the persons to be arrested had committed a crime, and, after finding that the circumstances would not justify such a belief, proceeding to inquire whether a [public official] could reasonably believe that the [official's] conduct was lawful," *Oliveria v. Mayer*, 23 F.3d 642, 648 (2d Cir. 1994), no inquiry into qualified immunity is complete, as the Second Circuit has instructed, without considering whether "one 'reasonably' acted unreasonably." *Id.* at 648-49 (quoting *Anderson v. Creighton*, 483 U.S. 635, 643 (1987)).

Arguable probable cause for arrest is also a defense to any related claims for First Amendment retaliation. *Wiles v. City of New York*, 13-cv-2898, 2016 WL 6238609, at *11 (citing *Blue v. Koren*, 72 F.3d 1075, 1083 n.5 (2d Cir. 1995)); *see also Singer v. Fulton County Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995). For example, in *Magnotti v. Kuntz*, the plaintiff brought a First Amendment retaliation claim and the Second Circuit refused to inquire into the defendant's motive for seeking an arrest warrant because there was arguable probable cause for

the warrant—therefore entitling the defendant to qualified immunity. 918 F.2d 364, 367-68 (2d Cir. 1990). Accordingly, the Court should have considered whether there was arguable probable cause for any of the three relevant offenses—trespass, disorderly conduct, and obstruction of government administration—before considering qualified immunity in the context of the First Amendment retaliation claim.

## DISCUSSION

The individual defendants are entitled to qualified immunity on the facts alleged here. *Garcia* is controlling. Plaintiffs alleged that they ignored the officers' announcement by bullhorn to leave the park and take all their personal possessions, implicating potential violations for trespass, disorderly conduct, and obstruction of government administration. Plaintiffs justify their refusal to follow the officers' orders because they reasonably believed that they were in compliance with all applicable laws and they could not be evicted absent a court order or an emergency. Thus, the legal theory Plaintiffs relied on was untested at the time (at least by any federal court). Am. Compl. ¶¶ 5-6. The problem with Plaintiffs' defense is that it requires the officers "to engage in an essentially speculative inquiry into the potential state of mind" of the protestors. *Garcia*, 779 F.3d at 84. The Second Circuit has stated that the law of qualified immunity does not require such an inquiry. *Id.* The correct inquiry is whether plaintiffs' defense "rests on facts that are so unclear, or a legal theory that is not so clearly established, that it cannot be said that any reasonable officer would understand that an arrest under the circumstances would be unlawful." *Id.*

The officials here faced "ambiguities of fact and law." *Id.* There was the uncertainty surrounding the status of Zuccotti as a privately owned public space and its implications, and the potential fire hazard the protestors' gathering posed (according to the City). There was also

uncertainty as to whether the Plaintiffs' legal defense would prove viable. This Court found that, as alleged in the Complaint, Plaintiffs' honest belief that they had a legal right to remain in Zuccotti Park and that the officers were aware of such belief generally negated a finding of probable cause to arrest for any of the three relevant violations, but that same belief is insufficient to negate arguable probable cause under *Garcia*. Given the circumstances the officials faced, government officials could reasonably disagree that the Plaintiffs' refusal to leave rendered their continued presence unlawful.

Plaintiffs' argument that *Garcia* calls for a contrary conclusion is unavailing. In *Garcia*, the Court held that the officials were entitled to qualified immunity where the plaintiff-protestors alleged that they had implied permission to enter the roadway. *Id.* at 96. Plaintiffs argue that the conduct here involved express permission by Mayor Bloomberg, who announced on October 10, 2011 that the Wall Street protestors could stay indefinitely as long as they comply with all laws (Am. Compl. ¶ 119, Ex. G), not implied permission as in *Garcia*. Plaintiffs essentially argue there was no ambiguity in regards to Plaintiffs' having permission to stay. The argument ignores that officers' orders to disperse from the park could be reasonably construed to dispel whatever permission to remain the Plaintiffs inferred from Bloomberg's statement from a month prior. Accordingly, under these facts, officials faced enough ambiguity that arguable probable cause is warranted, thus entitling them to qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted.

**SO ORDERED.**

Dated:      October 20, 2017
             New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**